HOYLE v. McCREA et al.

(Supreme Court, Appellate Division, Third Department.   July 6, 1899.)

EXECUTION AGAINST THE PERSON.
    The voluntary release from custody, by the judgment creditor, of one
    of two joint judgment debtors imprisoned under a body execution, does not
    extinguish the debt and discharge the judgment, since the arrest on execu-
    tion of a judgment debtor is a satisfaction of the judgment only while the
    imprisonment continues.

Appeal from special term.

Action by Henry Hoyle against Robert McCrea and another. From an order refusing to discharge defendant Murray from imprisonment on an execution against his person issued on a judgment for plaintiff against both defendants, and refusing to cancel and satisfy the judgment, defendants appeal.   Affirmed.

The facts herein are the same as those stated in the appeal of the defendant Robert McCrea in the same action, passed upon at this term of court.   59 N. Y. Supp. 200.

Argued before PARKER, P. J., and LANDON, HERRICK, and MERWIN, JJ.

Royal Corbin, for appellants.
W. H. Dunn, for respondent.

HERRICK, J.   It has been held that, where joint defendants have been imprisoned under an execution against the person, the release and discharge of one from such imprisonment, by the act of the plaintiff in the execution, operates to release and discharge the other, because at common law the arrest and imprisonment upon execution of a judgment debtor in a civil action operated to satisfy and discharge such judgment, and, the judgment being satisfied and discharged, there was, of course, nothing upon which the other judgment debtor and defendant could be held; and also upon the theory that the plaintiff in the judgment was entitled to but one satisfaction for the injury he had received, and that that satisfaction was had by the imprisonment and subsequent release of one of the judgment debtors.   As we have seen in the appeal of McCrea, in this same entitled action, the arrest upon execution of a judgment debtor is no longer a satisfaction of that judgment, except while the imprisonment continues.   In addition to that, under the facts in this case, no intent to satisfy the judgment, or to release the defendant McCrea from imprisonment, can be inferred from the acts of the plaintiff, and that there was no satisfaction or discharge of the judgment.

It follows from this that the motion of the defendant was properly denied, and that the order appealed from should be affirmed.   All concur.